POLEN, Judge,
dissenting.
I respectfully dissent. I would grant certiorari and quash the order below, which denied petitioner’s motion to disqualify counsel representing her codefendants. Petitioner’s motion was based on rules 4-1.7 and 4-1.9 of the Rules of Professional Conduct, alleging that respondents’ lawyer had a conflict where he previously represented all defendants below, including petitioner; where the lawyer did not advise her of the potential conflicts and benefits of *515 joint representation, nor the possibility of her obtaining separate counsel; where there is an irrefutable presumption that confidences were disclosed; and where, as here, petitioner and her husband, who is president of the codefendant Florida Development and Management Corporation, are in the process of a dissolution of marriage.
Of course, we cannot tell from the majority’s denial of certiorari whether their decision is premised on certiorari being unavailable to petitioner under any circumstances or based on mootness as argued by respondents. (Respondents have supplemented their response by advising the final judgment of foreclosure has been entered below, and sale set for May 10, 1993; hence, their suggestion of mootness.)
If the majority denied certiorari simply because the issue was thought to be moot, I would suggest the apparent conflict is not resolved by the foreclosure sale taking place. Petitioner signed a personal guaranty for the debt which led to the foreclosure. The mortgagee below could seek a deficiency after the foreclosure sale, and it appears petitioner’s codefendants are corporations whose only asset was the foreclosed property. Accordingly, there could be further proceedings where the codefend-ants, represented by petitioner’s former counsel, could be taking positions adverse to petitioner’s interests. I would grant the petition and remand with instructions to enter an order disqualifying respondents’ counsel for all further proceedings.